IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WALTER and NANCY HARRINGTON, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:07cv822-MHT |
| | ) | |
| JAMES STARNES, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**ORDER**

On September 13, *pro se* plaintiffs Walter and Nancy Harrington filed this action against defendants James Starnes and the law firm of Diamond, Hasser, Frost and Luckie. According to the Harringtons, these attorneys agreed to represent him in an action against a hospital but failed to pursue the matter and the statute of limitations has now expired on his claims.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action."  This court operates under an independent obligation to examine its own jurisdiction continues at each

stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

It does not appear from a review of the complaint that the plaintiff presents a federal question to invoke this court's federal question jurisdiction. *See* 28 U.S.C. § 1331. In addition, it appears that the defendants are either from Birmingham, Alabama, or Mobile, Alabama. Thus, there does not appear to be diversity jurisdiction. *See* 28 U.S.C. § 1332. Consequently, on the face of the complaint, it does not appear that this court has jurisdiction over this matter. Accordingly, it is

ORDERED that on or before October 9, 2007, the plaintiffs shall show cause why this case should not be dismissed for lack of subject matter jurisdiction. **The plaintiffs are advised that if they fail to respond to respond to this order with specificity, the court will treat their failure to respond as an abandonment of the claims set forth in their complaint. The plaintiffs are further cautioned that if they fail to file a response in accordance with the directives of this order, the court will recommend that this case be dismissed.**

Done this 21st day of September, 2007.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

2