IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WALTER and NANCY HARRINGTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:07cv822-MHT |
| | ) | (WO) |
| JAMES STARNES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 13, *pro se* plaintiffs Walter and Nancy Harrington filed this action

against defendants James Starnes and the law firm of Diamond, Hasser, Frost and Luckie.

According to the Harringtons, these attorneys agreed to represent him in an action against

a hospital but failed to pursue the matter and the statute of limitations has now expired on his

claims.  On September 21, 2007, this court entered an order directing the plaintiffs to show

cause why this case should not be dismissed for lack of subject matter jurisdiction.  In that

order, the court specifically advised the plaintiffs that "if they fail to respond to respond to

this order with specificity, the court will treat their failure to respond as an abandonment of

the claims set forth in their complaint.  The plaintiffs are further cautioned that if they fail

to file a response in accordance with the directives of this order, the court will recommend

that this case be dismissed."  (Doc. # 4).  Although the plaintiffs filed a reply, it was not

responsive  to the court's order in that they simply reiterated their claims.

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal

court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action." This court operates under an independent obligation to examine its own jurisdiction continues at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure 3522 (1975).

A review of the complaint demonstrates that the plaintiff does not assert any federal claim. Thus, the court does not have federal question jurisdiction over this matter. *See* 28 U.S.C. § 1331.

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the

jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). The complaint alleges that the plaintiff is a citizen of the State of Alabama as are the defendants. Therefore, there is no basis for diversity jurisdiction. *See* 28 U.S.C. § 1332. In short, this court lacks jurisdiction over all of the plaintiffs' claims and this case is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice for lack of subject matter jurisdiction. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 16, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

3

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 3rd day of October, 2007.


_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE